**Celia Alicia CASTILLO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 08–72959.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2012.

Submission Vacated Dec. 6, 2012.

Resubmitted Feb. 24, 2014.

Filed Feb. 26, 2014.

Seth L. Reszko, Esquire, Reza Athari & Associates, PLLC A Multi–Jurisdictional Firm, Las Vegas, NV, for Petitioner.

Jesse Matthew Bless, OIL, David V. Bernal, Assistant Director, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: O'SCANNLAIN, THOMAS, and CALLAHAN, Circuit Judges.

MEMORANDUM *

The Board of Immigration Appeals dismissed Celia Castillo's appeal on the ground that she, as a derivative of her mother's applications for asylum and withholding of removal, lacked "standing to appeal the [Immigration Judge's] denial of [those] applications." Although it is clear that the BIA believed it was deprived of

by 9th Cir. R. 36–3.

"jurisdiction to consider [Castillo's] challenges," the source of this purported jurisdictional limitation is unclear.

Did the BIA believe that it was limited by the strictures of Article III of the United States Constitution? Was the BIA interpreting a statute or regulation that affects its jurisdiction? Was the BIA creating a new jurisdictional rule through its own decision? Or did it rely on another source of authority?

Because the answers to these questions are crucial to our ability to review the BIA's decision, we remand to the BIA for clarification. *See Arredondo v. Holder,* 623 F.3d 1317, 1320 (9th Cir.2010) ("[W]e must remand the cause to the BIA to clarify the statutory grounds upon which it relied in denying further review.").

**PETITION GRANTED; REMANDED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.